**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-00876-RMR

ALIOU A. JABATEH, an individual,

      Petitioner,

v.

KRISTI L.A. NOEM, Secretary, U.S. Department of Homeland Security,
TODD M. LYONS, Acting Director of Immigration and Customs Enforcement,
Immigration and Customs Enforcement,
DAREN K. MARGOLIN, Director for Executive Office for Immigration Review, Executive
Office for Immigration Review,
ROBERT HAGAN, Director of the Denver Field Office for U.S. Immigration and
Customs Enforcement,
and,
JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,

      Respondents.

---

**ORDER**

---

Pending before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Respondents filed a Response to Petition (ECF No. 1) and Order to Show Cause (ECF No. 5). ECF No. 13. The Court has reviewed the Petition, the related briefing, and the applicable case law. As the briefing demonstrates, Petitioner's challenge is fundamentally legal in nature, and, for the reasons outlined below, the Court **GRANTS** the relief requested.

## I.    BACKGROUND

Petitioner is a citizen of Liberia who speaks Mandingo-Koniaka and needs translation services to navigate the U.S. immigration system. ECF No. 1 ¶ 32. In Liberia, he "endured severe persecution, including threats, physical assaults, sexual assaults, unlawful detention, and torture." *Id.* He suffered "violent acts . . . at the hands of local authorities and the Liberian government was unwilling or unable to protect him." *Id.* Thus, he "fled Liberia and sought refuge in the United States based on a well-founded fear of torture, political persecution, and other forms of persecution." *Id.*

Petitioner entered the United States on January 31, 2024. *Id.* ¶ 34. Immigration officials detained him that same day before releasing him pursuant to a February 2, 2024 Order of Release on Own Recognizance ("OREC") acknowledging Department of Homeland Security's ("DHS") custody of Petitioner under the "discretionary detention" regime. *Id.* They also determined he was neither a flight risk nor a public safety danger. *Id.* After his release, Petitioner resided in Brooklyn Park, Minnesota, where he lives with his sponsor and assists his sponsor's family with childcare and household duties. *Id.* ¶ 35.

On April 24, 2024, Petitioner filed an Application for Asylum and for Withholding of Removal (Form I-589). *Id.* ¶ 36. On March 5, 2025, Petitioner appeared before the Fort Snelling Immigration Court for a master calendar hearing consistent with his February 2, 2024 Notice to Appear. *Id.* ¶ 37. The Immigration Court was unable to secure a Mandingo-Koniaka speaking interpreter for Petitioner and other Mandingo-Koniaka speakers, and his master calendar hearing was rescheduled to May 28, 2025. *Id.* Petitioner attended the May 28, 2025 master calendar hearing before the Immigration Court. *Id.* ¶ 38. During the

hearing, DHS made an unnoticed, unsupported, and unexplained motion to dismiss removal proceedings. *Id.* The Immigration Judge granted the motion but reserved Petitioner's right to appeal that decision. ECF No. 13 at 2. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") as soon as he exited the courtroom. ECF No. 1 ¶ 39. DHS did not serve Petitioner with an I-200 warrant for his arrest or allege any violations of the February 2, 2024 OREC. *Id.* Petitioner has remained in ICE custody since May 28, 2025. *Id.* He has been transferred to multiple states and is currently detained in Colorado. *Id.* On June 10, 2025, Petitioner timely appealed the Immigration Court's dismissal of his removal proceedings. *Id.* ¶ 40. The appeal remains pending. *Id.* ¶ 41.

## II.    LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very

fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### III.    ANALYSIS

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 26-34, seeking a bond hearing or immediate release, *see generally id.* This request for relief, and the legal claims and arguments upon which it is premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests the Court "[o]rder Respondents to immediately transport Petitioner, at their own expense, back to Minnesota and release him there from federal detention under the conditions of his 'Order of Release on Own Recognizance'" or in the alternative, "set a bond hearing consistent with 8 U.S.C. § 1226(a) within seven days of this Court's order where Respondents are estopped from arguing his detention under 8 U.S.C. § 1225, and order Respondents to bear the burden of proving Petitioner is either a flight risk or a danger to the community." *Id.* at 34-35. Respondents contend Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b). ECF No. 13 at 3-4. According to Respondents, "Petitioner is (1) an applicant for admission and (2) is in removal proceedings" and thus required to be detained under 8 U.S.C. § 1225(b)(2). ECF No. 13 at 5.

#### A.  Petitioner is subject to discretionary detention under § 1226(a)

Respondents argue that Petitioner is an applicant for admission subject to § 1225(b) detention, because he was apprehended shortly after crossing the border and currently in removal proceedings. *Id* at 4-5. The Court reiterates its analysis in *Mendoza*

*Gutierrez* determining that 8 U.S.C. § 1225(b) applies to noncitizens "seeking admission" and inspected while trying to enter the country. *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *5-*9 (D. Colo. Oct. 17, 2025) (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years"). Respondents conflate the fact that Petitioner is in removal proceedings, due to DHS's sudden motion to dismiss his asylum application, to mean that he is "seeking admission" under § 1225(b). The Court holds firm in its interpretation that § 1225(b) only applies to noncitizens seeking admission and inspected while trying to enter the country. [1]

Respondents assert that Petitioner's OREC does not change the applicability of him to § 1225(b)(2)(A), because "Congress has provided that the parole of a noncitizen applying for admission to the United States does not change the noncitizen's status and

---

[1] *Compare* ECF No. 1 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D[2] Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

the noncitizen remains subject to detention when parole ends" pursuant to 8 U.S.C. § 1182(d)(5)(A). ECF No. 13 at 6. Respondents rely on Judge Crews' analysis in *Cf. Depelian v. Baltazar, et al.*, No. 25-cv-3765-SKC-TPO, ECF No. 18, at 8-9 (D. Colo. Jan. 20, 2026). Respondents fail to acknowledge that the petitioner in *Depelian* presented himself at the border to request asylum, was taken into custody and placed in removal proceedings, and was released on parole into the United States by U.S. Customs and Border Protection ("CBP") pursuant to the discretionary authority under 8 U.S.C. § 1182(d)(5). *Depelian*, No. 25-cv-3765-SKC-TPO, ECF No. 2 ¶2; *Depelian*, No. 25-cv-3765-SKC-TPO, ECF No. 9-1 at 2. Judge Crews reasoned that after his parole was terminated, the *Depelian* petitioner returned to status of "applicant for admission" or "arriving alien." *Depelian*, No. 25-cv-3765-SKC-TPO, ECF No. 18 at 8.

Here, Petitioner's circumstances are distinct from that of the petitioner in *Depelian*. Petitioner was not released on parole pursuant to 8 U.S.C. § 1182(d)(5). Instead, Petitioner was granted Order of Release on Recognizance ("OREC"), explicitly stating he was released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act" ("INA"). ECF No. 1-1 at 4. Section 236 of the INA is codified as 8 U.S.C. § 1226. Thus, Petitioner was released in accordance with § 1226 and is subject to § 1226 detention. This alone is sufficient for the Court to reject Respondents' argument. However, the Court also notes Judge Sweeney's reasoning in a similar case that "[o]ther courts considering habeas petitions against substantially similar backgrounds have concluded that paroled petitioners who go on to live in the United States have been released on their own recognizance, and therefore that § 1226,

6

rather than § 1225, applies." *Buitrago Murzi v. Noem, et al*, No. 26-cv-00359-CNS, ECF No. 14 at 2-3. Here, Petitioner's release on his own recognizance alone is also enough to establish that § 1226 applies.

### B. Due Process violations compel Petitioner's release

Petitioner's OREC required him to comply with certain conditions, including that he "must report for any hearing or interview as directed by the Department of Homeland Security or the Executive Office for Immigration Review." *Id.* Petitioner did so, attended his mandatory hearing, and was arrested at the courthouse. ECF No. 1 ¶¶ 38-39. DHS regulations explicitly provide that "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1). At his arrest, Petitioner was not served an I-200 warrant or any other documentation. ECF No. 1 ¶ 4. Thus, DHS failed to follow its own regulations in the arrest and detention of Petitioner. "At bottom, because ICE violated its own regulations when it detained Petitioner without notifying him of the reasons why he was being detained, Petitioner is entitled to habeas relief." *Sanchez v. Bondi*, No. 1:25-CV-02287-CNS, 2025 WL 3484756, at *2 (D. Colo. Dec. 4, 2025) (quoting *Roble v. Bondi*, Case No. 25–cv–3196 (LMP/LIB), —— F. Supp. 3d ——, 2025 WL 2443453, at *3 (D. Minn. Aug. 25, 2025)). Additionally, because Petitioner is improperly detained under § 1225, the Court agrees with Petitioner that he is entitled to immediate release, *see generally Mendoza Gutierrez*, 2025 WL 2962908, at *14.

7

## IV.    CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents shall transport Petitioner, at their own expense, back to Minnesota and release him there from federal detention **by close of business Monday, March 23, 2026** under the conditions of his February 2, 2024 Order of Release on Own Recognizance and may not impose any additional conditions of release or supervision not previously imposed by DHS in connection with Petitioner's February 2, 2024 Order of Release on Own Recognizance;

3. Respondents shall file a status report **by close of business Tuesday, March 24, 2026** to certify compliance; and

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED: March 20, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge